IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-342-H

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>DEQUAN TERRELL MCLAMB, )<br>    Defendant. ) | **ORDER** |

This matter is before the court on defendant's motion to dismiss count two of the indictment. [D.E. #27]. The government has filed a response, and this matter is ripe for adjudication.

In his motion to dismiss count two of the indictment, defendant argues Hobbs Act robbery (count one) categorically fails to qualify as a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A), and the residual clause of § 924(c)(3)(B) is unconstitutionally vague in light of Johnson v. United States, __ U.S. __, 135 S.Ct. 2551 (2015). This court has previously ruled on this precise issue in United States v. Evans, No. 5:15-CR-57-H [D.E. #54], 2015 WL 6673182 (E.D.N.C. Oct. 20, 2015) (finding Hobbs Act robbery qualifies as a crime of violence under the force clause of § 924(c)(3)(A)).

For the same reasons the court set forth in Evans, the court finds Hobbs Act robbery qualifies as a crime of violence under the force clause of § 924(c)(3)(A). Defendant's motion to

dismiss count two of the indictment, [D.E. #27], is therefore DENIED.

This 3rd day of March 2016.

*Malcolm J. Howard*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34